IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERCIS, B.V., | ) | |
| | ) | No. 24 C 3780 |
| Plaintiff, | ) | |
| | ) | Judge Jorge L. Alonso |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A HERETO, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion for preliminary injunction [33] is denied as to defendants Guangzhou Happy Credit Apparel Co., Ltd. & Guangzhou Happy Partner Garments Co., Ltd. (Nos. 82 & 83). Defendant Jingzhou Heightening Knitting Garments Co., Ltd.'s (No. 100) motion to dismiss for lack of personal jurisdiction [44] is granted.

**STATEMENT**

This case is one of the hundreds of "Schedule A" cases that have come to dominate the dockets of the courts of this district in recent years. *See Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A,* No. 24 CV 2150, 2024 WL 2209698, at *1 (N.D. Ill. May 15, 2024); *Zorro Prods., Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *2 (N.D. Ill. Dec. 20, 2023). Plaintiff asserts claims of trademark infringement and counterfeiting, 15 U.S.C. § 1114, false designation of origin, 15 U.S.C. § 1125, copyright infringement, 17 U.S.C. § 501(a), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*. The case has proceeded to judgment—or voluntary dismissal due to settlement—as to all but three of the one hundred seventy-three defendants identified in plaintiff's amended Schedule A (ECF No. 65-1). Two of them, Guangzhou Happy Credit Apparel Co., Ltd. & Guangzhou Happy Partner Garments Co., Ltd. (Nos. 82 & 83) (hereafter, "Guangzhou Happy Defendants"), oppose plaintiff's motion for preliminary injunction. The third remaining defendant, Jingzhou Heightening Knitting Garments Co., Ltd. (No. 100) (hereafter, "Jingzhou Garments"), moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the Court rules in favor of the defendants on these motions.

I.     Motion for Preliminary Injunction Against Guangzhou Happy Defendants

Plaintiff's trademark and copyright registrations depict and protect its right to market products depicting the "Miffy" character, a cartoon bunny created by Dutch artist Dick Bruna. Citing screenshot evidence, plaintiff contends that the Guangzhou Happy Defendants operate an online store on Alibaba.com that sells garments bearing Miffy's image. The Court granted plaintiff's motion for an *ex parte* temporary restraining order, which restrained assets in defendants' online accounts, among other relief. Plaintiff now seeks to convert that temporary restraining order into a preliminary injunction against the Guangzhou Happy Defendants.

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville, Ill.*, 85 F.4th 1175, 1188 (7th Cir. 2023) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). These threshold requirements amount to "prerequisites," without which the injunction must be denied. *Anderson v. Jeanpierre*, No. 23-1807, 2024 WL 1478029, at *3 (7th Cir. Apr. 5, 2024); *see Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008), *abrogated on other grounds by Nken*, 556 U.S. at 434.

The Guangzhou Happy Defendants argue these elements are not met and a preliminary injunction is not appropriate here because plaintiff's claims against them are based on a fundamental misunderstanding of the screenshot evidence, which does not support a likelihood of success on the merits or of irreparable harm.

Plaintiff has proffered a screenshot from the Guangzhou Happy Defendants' Alibaba site that appears to show that they offered a product or products bearing Miffy's image. These defendants explain, however, that they do not actually sell any Miffy-branded merchandise, and, in fact, they are not in the business of making direct retail sales at all. Rather, they are custom garment manufacturers who "produce garments exclusively according to client instructions." (Mem. in Opp'n at 3, ECF No. 40-2.) According to a joint sworn declaration of their chief executive officers, they "do not conduct business directly with end-customers," they "do not sell any counterfeit . . . Miffy-branded products," and the "use of Miffy's image in [their] display graphics was solely to demonstrate [their] production capabilities" for "illustrative purposes only." (Jt. Decl. of Benguang Zhu and Xiaoqiong Tang ¶¶ 4-6, ECF No. 40-2.) Although they admit that two of their Alibaba listings depicted a product bearing Miffy's image, the listings specifically stated that they were for "Custom Design" and "ODM OEM Manufacturer Cotton Transfer Printing," which "clearly communicate to potential buyers that the products are customizable garments requiring the customer's design input." (Mem. at 4.) According to the Guangzhou Happy Defendants, it follows that there is no likelihood that consumers will be confused about whether the Guangzhou Happy Defendants are affiliated with the owners of the Miffy brand, *see Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023) (explaining that trademark infringement requires a likelihood of confusion about the origin of the product), or that consumers will substitute the Guangzhou Happy Defendants' products for legitimately Miffy-branded products, *see* 17

U.S.C. § 107(4) (stating that a factor in determining whether certain copying is permissible "fair use" is "the effect of the use upon the potential market for or value of the copyrighted work"); *Kienitz v. Sconnie Nation LLC*, 766 F.3d 756, 758 (7th Cir. 2014) (explaining that this market-effect factor is "the most important [one,] usually," and a key question is "whether the contested use is a complement to the protected work (allowed) rather than a substitute for it (prohibited)"). Therefore, the Guangzhou Happy Defendants argue, there is no likelihood of success on plaintiff's claims of trademark and copyright infringement, nor is there any likelihood of irreparable harm.

The Guangzhou Happy Defendants' argument is persuasive, and, strangely, plaintiff does not specifically reply to it except by way of the briefest mention, where it calls the joint declaration "self-serving," before quickly moving on to make the standard, cookie-cutter arguments that plaintiffs typically make in Schedule A cases, although they do not seem to apply here. (Pl.'s Reply Br. at 15, ECF No. 49.) If the Guangzhou Happy Defendants really sold Miffy products, it would have been easy for plaintiff to go to the website and actually buy one, but plaintiff does not report having done so.

"A likelihood of success on the merits must exceed a mere possibility of success." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023) (internal quotation marks omitted). To demonstrate a likelihood of success, the movant must make a "strong showing," which need not amount to a preponderance of the evidence, but is nevertheless a "significant burden." *Pritzker*, 973 F.3d at 762-63. The showing should amount to a "demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 762. There is no such "strong showing" carrying any "significant burden" here; plaintiff simply points to the screenshots. But in light of the Guangzhou Happy Defendants' explanation, these screenshots are ambiguous at best, as the textual description of the products shown in the screenshots provides some support for the Guangzhou Happy Defendants' exculpatory explanation of why the products bear Miffy's likeness. By themselves, the screenshots themselves do not demonstrate more than a "mere possibility of success." Relatedly, given that there is only weak evidence that the Guangzhou Happy Defendants are actually selling Miffy-branded products, a factual issue on which plaintiff's claims are premised, plaintiff does not succeed in establishing that it is likely to suffer irreparable harm in the absence of preliminary relief.

Because plaintiff has not made the necessary showing as to likelihood of success on the merits or irreparable harm, the Court must deny the requested injunctive relief. Plaintiff's motion for preliminary injunction is denied as to the Guangzhou Happy Defendants.

## II. Jingzhou Garments' Motion to Dismiss for Lack of Personal Jurisdiction

To establish that a court has personal jurisdiction over a defendant in a case such as this one, involving copyright and trademark claims, the plaintiff must demonstrate that the requirements of the Fourteenth Amendment's Due Process Clause are satisfied by showing that "the defendant has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at *3 (N.D. Ill. Apr. 29, 2024) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Am. Bridal & Prom Indus. Ass'n,*

*Inc. v. The P'Ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 930-31 (N.D. Ill. 2016) (explaining that this single "constitutional inquir[y]" is applicable in trademark and copyright cases because "[n]either the Lanham Act nor the Copyright Act authorizes nationwide service of process" and Illinois law permits courts to exercise personal jurisdiction to the same extent as the United States Constitution).

There are two frameworks for analyzing whether the defendant's contacts with the forum state meets minimum requirements: general and specific. General personal jurisdiction exists where a defendant has such "continuous and systematic general business contacts" with the forum that he is subject to suit there even in matters unrelated to those contacts, while specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 414 n.8 (1984)). General jurisdiction requires contacts so "constant and pervasive," *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014), that the defendant can be "regarded as at home" in the forum state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924. (2011). Plaintiff states conclusorily in a point heading that Jingzhou Garments fails to demonstrate that this court lacks general jurisdiction (Pl.'s Resp. Br. at 3, ECF No. 56), but the burden is plaintiff's, not the defendant's. *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). And plaintiff makes no serious effort to demonstrate that it can clear the high bar for general jurisdiction here, nor is the Court aware of facts that might indicate that Jingzhou Garments might be "regarded as at home" in Illinois. *See Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015).

For specific jurisdiction, plaintiff must demonstrate that Jingzhou Garments "purposely availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the forum state," and that its injury arose out of those forum-related activities. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (cleaned up). It must also demonstrate that the exercise of personal jurisdiction would "comport with traditional notions of fair play and substantial justice." *Id.*

Here, the only contact between Jingzhou Garments and Illinois appears to be that Jingzhou Garments' products were available for purchase and shipment to Illinois consumers by way of the internet. This tenuous contact is not enough for plaintiff's claims against Jingzhou Garments to survive dismissal. "Courts in this District . . . agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist here." *Roblox Corp. v. Bigfinz*, No. 23 C 5346, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023) (citing cases); *cf. NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-25, 627 (7th Cir. 2022) (concluding that the court had personal jurisdiction over online retailer because it "availed itself of the Illinois market in offering *and shipping* a product to the forum") (emphasis added); *see also Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 WL 4604532, at *4 (N.D. Ill. Oct. 29, 2024) (explaining that, in accord with *NBA Properties*, "[d]istrict courts have similarly required evidence of at least one sale to Illinois to show the required minimum contacts," citing cases). The fact that an online retailer stood ready to ship a product to the forum state, as shown by screenshot evidence that an order had been placed, is not enough, if the order was never ultimately paid for and shipped. *See Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *2-3

(N.D. Ill. Mar. 4, 2021) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801-03 (7th Cir. 2014)); *MSM Design & Eng'g LLC v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20-CV-00121, 2021 WL 3187706, at *1-3 (N.D. Ill. July 28, 2021). "[O]ffering to sell products on interactive websites alone is not enough to support personal jurisdiction," *Vortex, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023), and plaintiff has not shown that defendant did anything more to avail itself of the privilege of conducting business in Illinois or direct its activities here. Therefore, the motion to dismiss for lack of personal jurisdiction is granted.

**SO ORDERED.**  ENTERED:  November 18, 2024

_____
**JORGE L. ALONSO**
**United States District Judge**